DECKER BUILDING MATERIAL COMPANY, PLAINTIFF-RE-SPONDENT, v. JERROLD H. MEYER, DEFENDANT-AP-PELLANT.

Submitted May 27, 1932—Decided October 17, 1932.

For the appellant, *Saul & Joseph E. Cohn.*

For the respondent, *Kanter & Kanter.*

The opinion of the court was delivered by

DONGES, J.   This appeal brings up a judgment entered in the Supreme Court by order of the Chief Justice upon a motion to strike the defendant's answer and to enter summary judgment.   It likewise brings up the order of the Chief Justice striking out the defendant's demand for a bill of particulars.

The plaintiff was a materialman which furnished materials for a building being constructed by the Philco Construction Company for the defendant, Meyer, under a contract which was filed.   The main question arises over the filing of a stop-notice by the plaintiff company on October 9th, 1930, in the office of the county clerk and the serving of such notice on the owner on October 11th, 1930.

The contract was entered into on June 2d, 1930.   It provided that a final payment of $15,000 should be made by the owner to the contractor when the building was fully completed in compliance with the plans and specifications.   The plaintiff asserts that the building was not completed when the notice was given and that, therefore, the balance of $15,000 was not due to the contractor.   The affidavits on behalf of the defendant appear to sidestep this question directly, but, by inference, from the fact that certain subcontractors were not paid until months after October 11th, it would seem that the contract had no been fully completed when the notice was filed and served.

But apart from this, it is undisputed that there was at least $7,290 in the hands of the owner and not distributed when the notice was served and filed.   The defendant's answer is that during the progress of the work certain subcontractors had been given orders by the contractor upon the owner to withhold for the account of such subcontractors certain sums of money, and it is asserted that there was, therefore, nothing due from the owner to the contractor when the stop-notice was served.

The sixth section of the Mechanics' Lien act would appear to provide that a materialman filing a notice shall have priority and preference in the distribution of the moneys due and to grow due upon the contract over any persons claiming said moneys or any part thereof by reason of order or orders thereon or assignments thereof. *Pamph. L.* 1930, *p.* 976. There seems no room for doubt that there was money either due the contractor, if the building was completed when the stop-notice was filed and served, or money to grow due thereafter if the building was not fully completed. Under the terms of the statute it appears that such stop-notice materialman would have priority over an assignee or person having an order.

The defendant asserts that the money was not due to the contractor, but that it had been assigned to the various subcontractors and, upon guarantee of such payment on behalf of the owner by an attorney, it no longer was the money of the contractor nor was it to grow due to the contractor. This seems a rather tenuous argument to defeat the provisions of the statute. There is nothing in the proofs to show that the sums of money in question were actually due to the subcontractors assignees, but it clearly appears that the money was still for all practical purposes in the hands of the owner who could not disregard the stop-notice and pay subcontractors who had orders or assignments. In this situation the answer did not present a good legal defense and was properly stricken out.

As to the demand for a bill of particulars, the demand is obviously specious because what the defendant was demanding was information as to payments made by the owner to the contractor, and what sums of money and on what dates such payments were made. Obviously these were matters that were within the knowledge of the defendant, and the demand was designed to embarrass the plaintiff and to delay the framing of an issue. We are of opinion that the demand was properly stricken out.

The judgment under review will be affirmed.

*For affirmance*—THE CHANCELLOR, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, BROGAN, VAN BUSKIRK, KAYS, DEAR, WELLS, KERNEY, JJ.   13.

*For reversal*—None.